NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JENNIFER JACOBS (Cal. Bar No. 157609)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6167
    Facsimile: (213) 894-7819
    E-mail: Jennifer.Jacobs3@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LINDA PEHOVIAK,<br><br>    Plaintiff,<br><br>vs.<br><br>ALEX AZAR, in his official capacity as Secretary of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Defendant. | No. CV 20-00661 DOC (KESx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Filed concurrently with Defendant's Request for Judicial Notice]<br><br>**<u>Hearing</u>**<br>Date: July 13, 2020<br>Time: 8:30 a.m.<br>Ctrm: 9D (Santa Ana)<br><br>Honorable David O. Carter<br>United States District Judge |

# NOTICE OF MOTION

PLEASE TAKE NOTICE that, on July 13, 2020, at 8:30 a.m., or as soon thereafter as they may be heard, Defendant Alex Azar, Secretary of the U.S. Department of Health and Human Services (the "Secretary" or "Department"), will, and hereby does, move this Court for an order dismissing the Complaint. This motion will be made before the Honorable David O. Carter, United States District Judge, Courtroom 9D, located at 411 West Fourth Street, Santa Ana, CA, 92701-4516.

**Plaintiff Linda Pehoviak's claims should be dismissed on the following grounds:**

1) Pehoviak lacks Article III standing because she has suffered no injury-in-fact. Pehoviak is the only plaintiff and her Complaint concerns payment for a medical device for the period July through October 2018; while the claim was denied, the maker and lessor of the device, Novocure, Inc., was ordered to pay the charges. Thus, Pehoviak has suffered no injury and therefore lacks standing.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, Defendant's Request for Judicial Notice, and all pleadings, records, and other documents on file with the Court in this action, and upon such oral argument as may be presented at, before, and after the hearing of this Motion.

This motion is made following a meet and confer with counsel pursuant to Local Rule 7-3, which occurred on June 5, 2020.

| | |
|---|---|
| Dated: June 12, 2020 | Respectfully submitted, |
| | NICOLA T. HANNA<br>United States Attorney<br>DAVID M. HARRIS<br>Assistant United States Attorney<br>Chief, Civil Division<br>JOANNE S. OSINOFF<br>Assistant United States Attorney<br>Chief, General Civil Section |
| |    /s/<br>JENNIFER R. JACOBS<br>Assistant United States Attorney |
| | Attorneys for Defendant |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Linda Pehoviak, the sole plaintiff in this case, is a Medicare beneficiary who is challenging a decision of the Medicare Appeals Council denying coverage for the rental of a medical device in 2018 and ordering the non-party supplier, Novocure, Inc., to pay the charges. Pehoviak does not allege that she has suffered any injury, nor can she. Thus, Pehoviak lacks Article III standing to bring this action because she has suffered no injury-in-fact. Therefore, this action should be dismissed because there is no Article III case or controversy.

## II. STATUTORY AND REGULATORY FRAMEWORK

Medicare is a federal health insurance program for the elderly and/or disabled. *See* 42 U.S.C. § 1395. For a medical service to be covered by Medicare, it must fit within a benefit category established by the Medicare statute. *Id*. Almost all Medicare coverage determinations, including those in this case, are subject to 42 U.S.C. § 1395y(a)(1)(A), which excludes certain items from coverage. Under this section, "no payment may be made under . . . part B of this subchapter for any expenses incurred for items or services[] which . . . are not reasonable and necessary for the diagnosis or treatment of illness or injury or to improve the functioning of a malformed body member . . . ." 42 U.S.C. § 1395y(a)(1)(A).

In order for a beneficiary to challenge a denial of a claim under the Medicare statute, he or she must submit a claim for payment to the Medicare Administrative Contractor, and if the claim is denied, the beneficiary must generally exhaust the following four levels of administrative review before filing suit in district court. *See generally* 42 U.S.C. § 1395u(a); 42 C.F.R. § 405.904(a)(2). First, the dissatisfied beneficiary may seek a redetermination from the Medicare Administrative Contractor, which must be performed by a person who did not make the initial decision. 42 U.S.C. § 1395ff(a)(3); 42 C.F.R. §§ 405.904(a)(2), 405.940. At the second level, a beneficiary

may seek reconsideration by a qualified independent contractor ("QIC") whose panel members must have "sufficient medical, legal, and other expertise, including knowledge of the Medicare program." 42 U.S.C. § 1395ff(b)(1)(A), 1395ff(c); 42 C.F.R. §§ 405.904(a)(2), 405.968(c)(1).

At the third level, a dissatisfied beneficiary can request a hearing before an administrative law judge ("ALJ"), who issues a decision based on the evidence presented at the hearing or otherwise admitted into the administrative record by the ALJ. 42 U.S.C. § 1395ff(b)(1)(A), 1395ff(d); 42 C.F.R. §§ 405.904(a)(2), 405.1000-02, 405.1046.

Finally, a beneficiary dissatisfied with the ALJ's decision may request review of the ALJ's decision by the Medicare Appeals Council (the "MAC"), a division of the Departmental Appeals Board of the Department of Health and Human Services. 42 U.S.C. § 1395ff(b)(1)(A), (d)(2); 42 C.F.R. §§ 405.904(a)(2), 405.1100, 405.1122. The Council's decision (or the ALJ decision, if not reviewed by the MACl) represents the final decision of the Secretary for purposes of administrative exhaustion. 42 U.S.C. § 1395ff(b)(1)(A), (d)(2)(A); 42 C.F.R. §§ 405.1048, 405.1130, 405.1136. A dissatisfied claimant is entitled to judicial review of the Secretary's decision in the district court "as is provided in [42 U.S.C.] 405(g)." 42 U.S.C. § 1395ff(b)(1)(A). In such review, the Secretary's findings of fact "if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).

**III.   FACTUAL AND PROCEDURAL BACKGROUND**

On April 8, 2020, Pehoviak filed the instant action. (ECF No. 1.) In relevant part, Pehoviak alleges in her Complaint that she was diagnosed with glioblastoma in March 2017 for which she was prescribed TTFT, a treatment delivered through the rental of equipment known as the Optune system from Novocure, Inc. (Complaint, at ¶¶ 4, 14, 17, 19-20.) She alleges she submitted a claim for payment for the TTFT treatment that has been subject to administrative review under the Medicare statute. (*Id.* at ¶¶ 5, 17, 18, 23.)

More specifically, Pehoviack alleges that on September 20, 2019, an ALJ issued a decision in ALJ Appeal No. 1-8651276602 (the "602 appeal") which addressed her TTFT claims for the July-October 2018 term period and which was favorable to Pehoviack. (*Id.* at ¶ 23.) The Secretary then appealed the ALJ's decision to the MAC. (*Id.* at ¶ 24.)

On February 18, 2020, the MAC issued a decision reversing the ALJ decision in the 602 appeal. (*Id.* at ¶ 24.) The MAC "held the *supplier* [Novocure] financially responsible for the non-covered costs. [Emphasis added]." (Request for Judicial Notice [RJN], Exhs. A at 1, 5-6 [MAC Decision] and B at 1 [MAC's June 2, 2020 Decision Denying Request for Reopening]).[1]  The MAC did not hold Pehoviack financially responsible for any non-covered costs. (*Id.*)

Pehoviack and Novocure asked MAC to reopen its decision, which MAC denied on June 2, 2020. (RJN, Exh. B.)  While the request to reopen was pending before MAC, Pehoviack filed her Complaint on April 3, 2020. (ECF No. 1.)

## IV. STANDARD OF REVIEW

### A. FRCP 12(b)(1)

Dismissal under Rule 12(b)(1) is proper if the Court lacks subject matter jurisdiction to adjudicate a party's claims. Fed. R. Civ. P. 12(b)(1); *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039-40 (9th Cir. 2003). Plaintiffs bear the burden of establishing that the Court has jurisdiction over their claims. *Sopcak v. No. Mountain Helicopter Serv.,* 52 F.3d 817, 818 (9th Cir. 1995). This is because "[f]ederal courts are courts of limited jurisdiction," and "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

---

[1] It is undisputed that the administrative record for this matter has not yet been prepared.

5

A challenge to subject matter jurisdiction can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In reviewing a facial challenge, which contests the sufficiency of the pleadings, the court considers only the allegations of the complaint, accepting such allegations as true and drawing reasonable inferences in favor of the plaintiff. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). In resolving a factual attack, however, "the district court may review evidence beyond the complaint" and "need not presume the truthfulness of the plaintiff's allegations." *Safe Air for Everyone*, 373 F.3d at 1039. The court thus is not limited to the face of the pleadings and "may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988) (citation omitted).

### B.     FRCP 12(b)(6)

Dismissal under Rule 12(b)(6) is appropriate where a complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). A complaint meets this standard only if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While a complaint's allegations generally need not be detailed, they must "possess enough heft" to propel the claims across a threshold of plausibility. *Twombly*, 550 U.S. at 557. In making this determination, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *See Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a . . . complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting

*Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). Accordingly, a pleading that offers mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, nor will a complaint suffice if it tenders "naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678.

Furthermore, courts are not bound to "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit. Nor is the court required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted), *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001). "A court may, however, consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." <u>United States v. Ritchie</u>, 342 F.3d 903, 907–908 (9th Cir. 2003); <u>see also</u> <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007) ("courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.")

## V. ARGUMENT

This Court lacks jurisdiction to grant Pehoviak any relief because she has no legal obligation to pay the subject medical charges and therefore has not suffered any concrete injury sufficient to confer Article III standing.

Pehoviak lacks Article III standing because she has not asserted an injury in fact that is "fairly traceable" to the challenged conduct of Defendant. Under Article III, § 2 of the U.S. Constitution, federal courts can only hear live "cases" or "controversies." The "irreducible constitutional minimum" of standing consists of three elements: the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial

7

decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Where, as here, a case is at the pleading stage, the plaintiff must "clearly . . . allege facts demonstrating" each element. *Warth v. Seldin*, 422 U.S. 490, 518 (1975); *FW/PBS, Inc. v. Dallas*, 493 U.S. 215, 231 (1990) (as the party invoking jurisdiction, the plaintiff bears the burden of establishing these elements).

Here, Pehoviak lacks an actionable injury. Again, she has only appealed MAC's unfavorable decision in the 602 appeal, which addressed TTFT claims for the July-October 2018 term. (Complaint, at ¶¶ 23-25.) However, Pehoviack notably does not allege that the Council's unfavorable decision actually resulted in her becoming financially responsible for her TTFT claims for the July-October 2018 time period, nor could she, as MAC specifically found that only Novocure, Inc.—*not* Pehoviak—is responsible for the charges. (RJN, Exhs. A, B.) Pehoviak alleges that all of her other claims for TTFT have been paid. (Compl., ¶¶ 21-22.)

Pehoviak does not allege any harm except for the charges for July-October 2018. Pehoviak alleges that her subsequent claims for TTFT have been granted. (*Id.*) She identifies only two ALJ decisions involving dates of service post-dating the October-July 2018 dates of service for the 602 appeal. Both of those ALJ decisions were favorable to Pehoviack and are now final regardless of the results in the 602 litigation. This further illustrates how Pehoviack has not suffered any actual or imminent injury that could confer standing.

Further, Pehoviak has not alleged any hindrance to Novocure, Inc.'s ability to protect its own interests. *See Kowalski v. Tesmer*, 543 U.S. 125, 129-30 (2004) (to assert third-party standing, the litigant must show both a "close" relationship to the possessor of the right, and a "'hindrance' to the possessor's ability to protect his own interests"); *Legal Aid Soc. Of Hawaii v. Legal Servs. Corp.*, 145 F.3d 1017, 1031 (9th Cir. 1998).

In sum, because Pehoviak has not suffered an actual or imminent injury, there is no live "case" or "controversy" and she therefore lacks standing to pursue her claim.

## VI. CONCLUSION

This action should be dismissed in its entirety. Pehoviak lacks Article III standing to pursue her claim because she has suffered no actual or imminent injury.

Dated: June 12, 2020                    Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section


  /s/
JENNIFER R. JACOBS
Assistant United States Attorney

Attorneys for Defendant

9