Farah Tabibkhoei (SBN 266312)
REED SMITH LLP
355 S. Grand. Ave. Suite 2900
Los Angeles, CA 90071
Telephone: (213) 457-8219
Fax: (213) 457-8080
Email: FTabibkhoei@reedsmith.com

James C. Pistorino (SBN 226496)
PARRISH LAW OFFICES
224 Lexington Dr.
Menlo Park, CA 94025-2910
Telephone: (650) 400-0043
Email: james@dparrishlaw.com

Attorneys for Plaintiff Linda Pehoviack

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA PEHOVIACK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALEX AZAR, in his capacity as Secretary of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | Case No. 8:20-cv-00661-DOC-KES<br><br>**PLAINTIFF LINDA PEHOVIACK'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**<br><br>Hearing: July 13, 2020<br>Date: 8:30 a.m.<br>Courtroom: 9D |

## I. INTRODUCTION

The Secretary's motion to dismiss should be denied.  Mrs. Pehoviack has standing because she has been denied her statutory right to Medicare benefits and, in and of itself, that confers an injury.  At least four courts have rejected the claim that economic injury is the touchstone of standing in the Medicare context.  Further, Mrs. Pehoviack also suffers injury because, if the denial is not reversed, Mrs. Pehoviack could be made personally liable for future claims or, worse, have her access to brain cancer treatment conditioned on personal liability.  The Secretary's motion is without merit and should be denied.

## II. LEGAL ARGUMENT

As described by the Supreme Court in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992), the irreducible constitutional minimum of standing has three requirements.  First, plaintiff must have suffered an injury in fact, *i.e.*, an invasion of a legally protected interest, which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical.  Second, there must be a causal connection between the injury and the conduct complained of.  Third, it must be likely that the injury will be redressed by a favorable decision.  *Id.* at 560.

Congress may create a statutory right or entitlement the alleged deprivation of which can confer standing to sue even where the plaintiff would have suffered no judicially cognizable injury in the absence of the statute.  *See Warth v. Seldin*, 422 U.S. 490, 514 (1975).  In other words, with respect to certain statutes, the alleged violation of a statutorily created right is, alone, a sufficient injury in fact to give rise to Article III standing.  *See Linda R.S. v. Richard D.*, 410 U.S. 614, 617 n. 3 (1973) ("Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute.").  Thus, in these circumstances, monetary injury is not the touchstone of standing.  Rather, it is the denial of a statutory right.

PLAINTIFF LINDA PEHOVIACK'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

There can hardly be a doubt that Medicare benefits are an entitlement created by Congress, the denial of which confers standing.  *See* 42 U.S.C. § 405(g) ("Any individual … may obtain a review of such decision"); 42 U.S.C § 1395ff(a)(1)(A) ("whether an individual is entitled to benefits"); *Heckler v. Ringer*, 466 U.S. 602, 620 (1984) ("the Medicare Act provides both the substance and the standing for [the plaintiff's] claim").  Thus, because Mrs. Pehoviack has been denied her Congressionally created entitlement to Medicare coverage, she has suffered an injury, and that injury can be redressed by a decision ordering coverage.  Accordingly, Mrs. Pehoiack has standing.

The Secretary's claims regarding an alleged lack of economic injury do not change the analysis.  Multiple courts have rejected the notion that economic injury is a requirement for standing in Medicare claim denial cases.  *See, e.g., Ryan v. Burwell*, 2015 WL 4545806 at *5-7 (D. Vt. July 27, 2015) (plaintiff had standing even though Medicaid paid claims denied by Medicare); *Anderson v. Sebelius*, 2010 WL 4273238 at *3 (D. Vt. Oct. 25, 2010) (although administrative law judge waived plaintiff's financial liability for services delivered, plaintiff still had standing); *Longobardi v. Bowen*, 1988 WL 235576 at *2 (D. Conn. Oct. 25, 1988) (plaintiff had standing even though Medicaid paid claims denied by Medicare); *Martinez v. Bowen*, 655 F.Supp. 95, 99 (D. New Mexico 1986) (same).

Beyond the denial of her statutory rights, it is not correct to say that Mrs. Pehoviack will suffer no injury if the claim denial is not reversed.  As the *Ryan* and *Anderson* courts recognized, an unreversed decision denying coverage has significant effects on financial liability for subsequent claims for coverage.  Pursuant to 42 U.S.C. § 1395pp(b) and (c), if a claim is denied and not reversed, then on subsequent claims, the beneficiary may be personally liable.  *See also* 42 C.F.R. § 411.404(b).  Indeed, administrative law judges have so held with regard to other beneficiaries.  *See* Exhibit A.

- 3 –
PLAINTIFF LINDA PEHOVIACK'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

In this case, as in *Ryan*, Mrs. Pehoviack suffers from a chronic/incurable condition and will need tumor treatment field therapy (TTFT) treatment for the remainder of her (hopefully extended) life. That Mrs. Pehoviack will have subsequent claims is, therefore, not speculative. Being subjected to personal liability is an obvious harm of the decision denying Mrs. Pehoviack coverage that can be remedied by this Court.

In addition to its direct impacts on Mrs. Pehoviack, a consequence of non-reversal would be to put the supplier (Novocure, Inc.) on notice of potential non-coverage. Thus, if Novocure did not want to be made liable for Mrs. Pehoviack's future treatment, it would need to have Mrs. Pehoviack sign an "advanced beneficiary notice" (ABN). As a condition of providing treatment, an ABN is an agreement that the beneficiary will be personally liable for the cost if Medicare does not pay. Thus, unless the decision is reversed, Mrs. Pehoviack may be put to the choice of potentially impoverishing her family by receiving life-extending care for her brain tumor or foregoing treatment and markedly reducing her chances of extra months or years of life. That is a choice Mrs. Pehoviack should not be put to and can be avoided if the decision is reversed.

## III.   CONCLUSION

The Secretary's motion should be denied.

Dated: June 15, 2020                              Respectfully submitted,


                                                  REED SMITH LLP

                                                   _/s/ Farah Tabibkhoei_____
                                                    Farah Tabibkhoei

                                                    and

                                                    James C. Pistorino
                                                    PARRISH LAW OFFICES

- 4 –
PLAINTIFF LINDA PEHOVIACK'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS

224 Lexington Dr.
Menlo Park, CA 94025-2910
Telephone: (650) 400-0043

*Attorneys for Plaintiff Linda Pehoviack*

- 5 –
PLAINTIFF LINDA PEHOVIACK'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS