Farah Tabibkhoei (SBN 266312)
REED SMITH LLP
355 S. Grand. Ave. Suite 2900
Los Angeles, CA 90071
Telephone: (213) 457-8219
Fax: (213) 457-8080
Email: FTabibkhoei@reedsmith.com

James C. Pistorino (SBN 226496)
PARRISH LAW OFFICES
224 Lexington Dr.
Menlo Park, CA 94025-2910
Telephone: (650) 400-0043
Email: james@dparrishlaw.com
Attorneys for Plaintiff Linda Pehoviack

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JENNIFER R. JACOBS (Cal. Bar No. 157609)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6167
    Facsimile: (213) 894-7819
    E-mail: Jennifer.Jacobs3@usdoj.gov

Attorneys for Defendant Alex Azar, Secretary,
United States Department of Health and Human Services

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA PEHOVIACK, an individual,<br><br>Plaintiff,<br><br>v.<br><br>ALEX AZAR, in his capacity as Secretary of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>Defendant. | Case No. 8:20-cv-00661-DOC-KES<br><br>**JOINT RULE 26(f) REPORT**<br><br>Date: July 13, 2020<br>Time: 8:30 a.m.<br>Ctrm: 9D (Santa Ana)<br><br>Honorable David O. Carter<br>United States District Judge |

Plaintiff Linda Pehoviack and Defendant Alex Azar, in his official capacity as Secretary of the United States Department of Health and Human Services (the "Secretary"), by and through their undersigned counsel, hereby submit their Joint Report as required by Federal Rule of Civil Procedure 26(f), Local Civil Rule 26-1, and the Court's June 12, 2020 Order Setting Scheduling Conference (ECF No. 11).

### A.    Statement of the Case

<u>Ms. Pehoviack's Statement</u>:

Ms. Pehoviack has been diagnosed with a particularly deadly form of brain cancer, glioblastoma multiforme ("GBM") and, after other treatment, has been prescribed a TTFT device (Optune) which has been shown to increase 2-year life expectancy by 38% and nearly triple the 5-year survival rate.  Ms. Pehoviack had previously received multiple favorable decisions from ALJs determining that TTFT was medically reasonable and necessary for her and a covered benefit.  See ALJ Appeal Nos. 1-7824751206 (covering September-November 2017); 1-7905397060 (covering December 2017-March 2018); 1-8651277386 (covering November 2018-January 2019); 1-8754946128 (covering February-April 2019).  The Secretary did not appeal any of those decisions and they have become final.

Of particular note is ALJ Appeal No. 1-8754946128 (covering February-April 2019) issued by ALJ Ryan Glaze on September 20, 2019, again, finding that TTFT was medically reasonable and necessary for Ms. Pehoviack and a covered benefit. The Secretary did not appeal Judge Glaze's decision and it has become final. Also, on September 20, 2019, ALJ Glaze issued a decision in ALJ Appeal No. 1-8651276602 (covering July-October 2018), again, finding that TTFT was medically reasonable and necessary for Ms. Pehoviack and a covered benefit. Through CMS, the Secretary appealed the decision in '602 (but not '128 issued the same day). On February 18, 2020, the Medicare Appeals Council issued a decision reversing ALJ Glaze and finding that (contrary to all the prior decisions) TTFT is not a Medicare covered

benefit because it is not "medically reasonable and necessary." Ms. Pehoviack timely filed this suit within 60 days.  Accordingly, Ms. Pehoviack is entitled to judicial review of the Secretary's Decisions.

Beyond the application of collateral estoppel, Plaintiff also asserts that the simple denial of coverage is not supported by substantial evidence, is arbitrary and capricious, and is contrary to law, etc.

The Secretary's Statement:

The Secretary moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and (6) on the grounds Pehoviack lacks standing because she has not suffered an actual injury and her Complaint fails to allege facts that state a cognizable claim. (*See* Dkt. #10.) Pehoviack's argument that the denial of her statutory right to Medicare benefits is sufficient to confer standing lacks merit. *See Spokeo, Inc. v. Robbins*, 136 S.Ct. 1540, 1549 (2016) and *Thole v. U.S. Bank N.A*, 140 S.Ct. 1615, 1619 (2020). The Supreme Court emphasized in these cases that an alleged violation of a statutory right alone—in the absence of any actual or imminent injury—does not satisfy Article III's standing requirement.

To the extent Pehoviack relies on a possible future injury for standing (*i.e.*, if the denial of the subject claim is not reversed, she could be made liable for future claims or have treatment conditioned on her personal liability), she still fails to satisfy Article III standing requirements. Pehoviak does not know if her future claims will be denied; indeed, she alleges her subsequent claims have been paid. (Compl., ¶ 21.) Further, the Local Coverage Determination ("LCD") for the Optune System was revised in September 2019 to provide coverage. (Dkt. #10-2 [RJN, Ex. A] at 6-7.) In sum, equating speculative future harm with concrete injury is also inconsistent with Article III standing.

Further, Pehoviack has failed to state a claim based on a denial of future benefits, as such an order would bypass the exhaustion requirements set forth in 42

U.S.C. § 405(g). Advisory opinions regarding future coverage are not permitted. *Heckler v. Ringer*, 466 U.S. 602, 621-622 (1984); *see also Porzecanski v. Azar*, 943 F.3d 472 (D.D.C. 2019) (denying beneficiary's claim for declaratory and injunctive relief regarding future Medicare claims on the grounds the Medicare Act requires all claims to be channeled through the Medicare claims process). Further, any order providing that an ALJ or the Secretary is collaterally estopped by a prior decision of the Secretary is nothing more than an impermissible end-run around the exhaustion requirements in § 405(g) and the prohibition against advisory opinions.

Defendant further contends that the doctrine of collateral estoppel cannot be rigidly applied in this case. Because Plaintiff's medical condition during each time period is crucial to the determination of whether the use of the medical device was reasonable and necessary for Plaintiff during that specific period, the issues in each ALJ ruling are not the same and therefore cannot be binding on other claims for reimbursement. Furthermore, 42 C.F.R. § 405.1062 specifically precludes the use of collateral estoppel in these circumstances.

Also, the Medicare appeals process explicitly permits ALJs to reach varying conclusions, and gives the Appeals Council discretion to impose uniformity by issuing precedential decisions. Moreover, Defendant did not participate as a party in the ALJ decisions at issue. Accordingly, application of collateral estoppel would contravene overriding public policy and result in manifest injustice to the Defendant.

Defendant further contends that the Medicare Appeals Council's ruling that is the subject of this lawsuit was based on substantial evidence, and was neither arbitrary, capricious nor contrary to law, and is entitled to deference by this Court. Indeed, the Local Coverage Determination ("LCD") in effect at the time of the TTFT treatment at issue in this case categorically denied Medicare coverage for TTFT. Defendant further notes that Plaintiff alleges that she has continued to receive coverage for her TTFT treatments subsequent to the claim at issue in this case.

### B. Subject Matter Jurisdiction

The basis for subject matter jurisdiction in this case is 42 U.S.C. § 405(g) and 42 U.S.C. § 1395w-22(g)(5).

### C. Legal Issues

Whether the Secretary's decision was in violation of the law, arbitrary, capricious, an abuse of discretion, or not in accordance with law or unsupported by substantial evidence, whether coverage is being unlawfully withheld from Ms. Pehoviack, whether the doctrine of mutual collateral estoppel applies to the Secretary and may bar the Secretary from re-litigating facts/issues the government previously litigated and lost and whether coverage should be ordered.  5 U.S.C. § 706 et seq.

The Secretary further asserts the following legal issues: Whether Pehoviack's Complaint is subject to dismissal based on a lack of Article III standing.

### D. Parties, Evidence, Etc.

Plaintiff is Linda Pehoviack, an individual.

Defendant is Alex Azar, in his official capacity as Secretary of the United States Department of Health and Human Services.

The evidence in this case consists of the Certified Administrative Record, which has not been served as of the filing of this report.

### E. Damages

Damages are not applicable in this administrative record review case. As set forth above, Ms. Pehoviack seeks reversal of the Council's decision and an order compelling the Secretary to provide coverage for the TTFT device.

### F. Insurance

There are no insurance coverage issues in this case.

### G. Motions

Ms. Pehoviack will file a summary judgment motion.  Ms. Pehoviack does not anticipate filing any motions to add other parties or claims, amend the pleadings, or

transfer venue.

The Secretary has filed a motion to dismiss the complaint based on a lack of standing and the failure to state a claim. *See* Dkt. #13. In the event the motion is denied, the Secretary intends to file a motion for summary judgment.

### H. Manual for Complex Litigation

The parties agree that the Manual for Complex Litigation does not apply to this action.

### I. Status of Discovery / Discovery Plan / Discovery Cut-off

Ms. Pehoviack's Statement:

Pursuant to 42 U.S.C. § 405(g):

> As part of the Commissioner's answer the [Secretary] shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based.

While the Secretary's responsive pleading and a copy of the Administrative Record were due on June 12, 2020, Plaintiff has not yet received a copy of the Administrative Record.  On June 16, 2020, the parties conducted the Rule 26 planning conference and the Secretary still did not serve or file the Record.  On June 23, 2020, the parties conducted a Local Rule 7-3 conference on Plaintiff's motion for summary judgment and the Record still was not served or filed.

No further discovery is needed and this case will be decided solely on the administrative record.

The Secretary's Statement:

The Secretary agrees that discovery is not warranted in this action. As set forth above, 42 U.S.C. § 405(g) states that the Secretary shall file a certified copy of the administrative record with its answer. The Secretary has not yet answered the Complaint. While Pehoviack emphasizes herein that the Secretary has not yet filed the administrative record, during the Rule 26(f) conference and L.R. 7-3 meet and confer,

Pehoviack's counsel has repeatedly stated that he does not need the administrative record to file his motion for summary judgment, which he says will be based only on collateral estoppel.

### J. Expert Discovery

This is an administrative record review case to be decided based on the Certified Administrative Record without expert discovery.

### K. Dispositive Motions

Ms. Pehoviack will file a summary judgment motion. The Secretary also intends to file a motion for summary judgment in the event his motion to dismiss is denied.

### L. Settlement/Alternative Dispute Resolution (ADR)

As this action will be decided based on the Certified Administrative Record, Plaintiff requests that the action be exempted from the settlement requirements of Local Civil Rule 16.  In the event the parties are required to select one of the ADR Procedures specified in Local Civil Rule 16-15.4, Plaintiff requests that the parties to appear before a district judge or a magistrate judge assigned to the base for settlement proceedings as the Court may conduct or direct. The Secretary is agreeable to a mediation conference with the magistrate judge.

### M. Trial Estimate

Plaintiff contends that, as this action will be decided based on the Certified Administrative Record, no trial is required. Instead, the case will be fully resolved based on the parties' legal arguments set forth in the briefing conducted pursuant to the proposed briefing schedule.

Defendant contends that the parties should select a trial date, as well as pretrial dates, in accordance with the Court's Order, for a one-day trial based on trial briefs, in the event that summary judgment cannot be granted.

### N. Trial Counsel

Plaintiff is represented by Farah Tabibkhoei (Reed Smith LLP) and lead counsel James C. Pistorino (Parrish Law Offices). Defendant is represented by Assistant United States Attorney Jennifer R. Jacobs.

### O. Independent Expert or Master

The parties do not anticipate that designation of an independent master will be necessary.

### P. Other Issues and Proposed Dates

The parties do not have any other issues to raise at this time.

|  | **Plaintiff's Proposed Dates** | **Secretary's Proposed Dates** |
|---|---|---|
| **Discovery Cut Off** | N/A | N/A |
| **Final Motion Cut Off** [Must be a Monday] | N/A | 11/30/20 |
| **Final Pretrial Conference** [Must be a Monday] | N/A | 1/11/21 |
| **Trial Date** [Must be a Tuesday] | N/A | 1/19/21 |

- 8 –
Rule 26(f) Report

| | |
|---|---|
| Dated: June 29, 2020 | Respectfully submitted,<br><br>NICOLA T. HANNA<br>United States Attorney<br>DAVID M. HARRIS<br>Assistant United States Attorney<br>Chief, Civil Division<br>JOANNE S. OSINOFF<br>Assistant United States Attorney<br>Chief, General Civil Section<br><br>    /s/<br>JENNIFER R. JACOBS<br>Assistant United States Attorney<br><br>Attorneys for Defendant<br>Alex Azar, Secretary, United States Department of Health and Human Services |
| Dated: June 29, 2020 | REED SMITH LLP<br><br>    /s/<br>FARAH TABIBKHOEI<br><br>   -   and-<br><br>PARRISH LAW OFFICES<br><br>    /s/<br>JAMES C. PISTORINO<br><br>Attorneys for Plaintiff Linda Pehoviack |

I attest that Defendant's counsel concurs in this filing's content and has authorized its filing.

   /s/
FARAH TABIBKHOEI