NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JENNIFER JACOBS (Cal. Bar No. 157609)
Assistant United States Attorney
     Federal Building, Suite 7516
     300 North Los Angeles Street
     Los Angeles, California 90012
     Telephone: (213) 894-6167
     Facsimile: (213) 894-7819
     E-mail: Jennifer.Jacobs3@usdoj.gov

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| LINDA PEHOVIACK,<br><br>        Plaintiff,<br><br>    vs.<br><br>ALEX AZAR, in his official capacity as Secretary of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>        Defendant. | No. CV 20-00661 DOC (KESx)<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS COMPLAINT**<br><br>**<u>Hearing</u>**<br>Date: July 13, 2020<br>Time: 8:30 a.m.<br>Ctrm: 9D (Santa Ana)<br><br>Honorable David O. Carter<br>United States District Judge |

# **<u>TABLE OF CONTENTS</u>**

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................4

I.    INTRODUCTION ...................................................................................................4

II.   PEHOVIACK LACKS STANDING BECAUSE THE STATUTORY
      RIGHT TO MEDICARE BENEFITS—IN THE ABSENCE OF ACTUAL
      OR IMMINENT HARM—IS INSUFFICIENT TO SATISFY ARTICLE
      III'S STANDING REQUIREMENTS ....................................................................5

      A.    The cases relied upon by Pehoviack do not stand for the proposition
            that standing can be conferred by Congress in the absence of actual or
            imminent harm. .............................................................................................6

      B.    In cases subsequent to those cited by Pehoviack, the Supreme Court
            has clarified that a statutory violation, on its own, is *insufficient* to
            satisfy Article III's standing requirements. ...................................................8

      C.    The four district court cases cited by Pehoviack should not be
            followed because they were issued before, and are contrary to,
            controlling Supreme Court precedent. ...........................................................9

      D.    Pehoviack has not alleged an actual injury. ................................................11

      E.    Pehoviack has not alleged a non-speculative, imminent injury. ................11

III.  PEHOVIACK HAS FAILED TO STATE A CLAIM FOR RELIEF..................13

IV.   CONCLUSION....................................................................................................14

1

1

# <u>TABLE OF AUTHORITIES</u>

2

**Federal Cases**

3

*California Clinical Laboratory Ass'n v. Secretary of HHS,*
    104 F. Supp.3d 66 (D.D.C. May 20, 2015) ........................................... 11, 13

4

5

*Center for Biological Diversity v. Bernhardt,*
    946 F.3d 553 (9th Cir. 2019) ................................................................. 12.13

6

7

*Clapper v. Amnesty Intern. USA,*
    568 U.S. 398 (2013) ................................................................................. 12

8

9

*Estate of Lake v. Secretary of HHS,*
    1989 WL 200974 (D.N.H. Oct. 27, 1989) .............................................. 11

10

11

*Heckler v. Ringer,*
    466 U.S. 602 (1984) ....................................................................... passim

12

*Hull v Burwell,*
    66 F.Supp.3d 278 (D. Conn. 2014) ........................................................ 11

13

14

*Linda R.S. v. Richard D.,*
    410 U.S. 614, n.3 (1973) ..................................................................... 6, 7

15

16

*Lujan v. Defenders of Wildlife,*
    504 U.S. 555 (1992) ............................................................................ 5, 13

17

18

*Porzecanski v. Azar,*
    943 F.3d 472 (D.D.C. 2019) ................................................................. 14

19

20

*Raines v. Byrd,*
    521 U.S. 811 (1997) ............................................................................ 510

21

22

*Ryan v. Burwell,*
    2015 WL 4545806 (D. Vt. July 27, 2015) ......................................... 11, 12

23

*Spokeo, Inc. v. Robbins,*
    136 S.Ct. 1540 (2016) .................................................................. 4, 5, 8, 9

24

25

*Summers v. Earth Island Institute,*
    555 U.S. 488 (2009) ................................................................................ 8

26

27

*Warth v. Seldin,*
    422 U.S. 490 (1975) ................................................................................. 6

28

**Federal Statutes**

42 U.S.C. § 405 ............................................................. 5, 14

**Federal Regulations**

42 C.F.R. § 411.404 ............................................................. 13

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In her Complaint (Dkt. #1), Plaintiff Linda Pehoviack— a Medicare beneficiary and the *only* plaintiff in this case—challenges a decision of the Medicare Appeals Council that denied her claim for the rental of a medical device known as the Optune System, manufactured by Novocure, Inc, for the period July through October 2018. While the Council denied the claim, it ordered Novocure to pay the charges; Pehoviack has no legal liability for the charges. Nevertheless, Pehoviack seeks an order from this Court directing the Secretary of the Department of Health and Human Services ("Secretary") to cover the claim. She also seeks an order requiring the Secretary to find the Optune System is a covered benefit in the future.

The Secretary moved to dismiss the Complaint pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(1) and (6) on the grounds Pehoviack lacks standing because she has not suffered an actual injury and her Complaint fails to allege facts that state a cognizable claim. (*See* Dkt. #10.) In her Opposition, Plaintiff fails to overcome the grounds for dismissal and fails to explain how she could cure the deficiencies in her Complaint. (Dkt. #13.)

First, Pehoviack's argument that the denial of her statutory right to Medicare benefits is sufficient to confer standing is without merit. In *Spokeo, Inc. v. Robbins*, 136 S.Ct. 1540, 1549 (2016), and more recently in *Thole v. U.S. Bank N.A*, 140 S.Ct. 1615, 1619 (2020), the Supreme Court emphasized that an alleged violation of a statutory right alone—in the absence of any actual or imminent injury—does not satisfy Article III's standing requirement.

Second, Pehoviack's argument that she has suffered an injury because, if the denial of the subject claim is not reversed, she could be made liable for future claims or have treatment conditioned on her personal liability, is also without merit. Pehoviak does not know if her future claims will be denied; indeed, she alleges her subsequent claims

have been paid. (Compl., ¶ 21.) Further, the Local Coverage Determination ("LCD") for the Optune System was revised in September 2019 to provide coverage. (Dkt. #10-2 [RJN, Ex. A] at 6-7.) In sum, equating speculative future harm with concrete injury is also inconsistent with Article III standing.

Third, Pehoviack has failed to state a claim based on a denial of future benefits, as such an order would bypass the exhaustion requirements set forth in 42 U.S.C. § 405(g). Advisory opinions regarding future coverage are not permitted. *Heckler v. Ringer*, 466 U.S. 602, 621-622 (1984).

Accordingly, Pehoviack's Complaint should be dismissed.

## II. PEHOVIACK LACKS STANDING BECAUSE THE STATUTORY RIGHT TO MEDICARE BENEFITS—IN THE ABSENCE OF ACTUAL OR IMMINENT HARM—IS INSUFFICIENT TO SATISFY ARTICLE III'S STANDING REQUIREMENTS

The Secretary moved to dismiss the Complaint on the grounds the Court lacks standing because Pehoviack has no financial responsibility for the medical charges at issue, and any relationship between the subject claim denial and Pehoviack's financial liability for any future medical charges is highly speculative.

The U.S. Constitution limits federal-court jurisdiction to actual cases or controversies. *Raines v. Byrd,* 521 U.S. 811, 818 (1997); Art. III, § 1. Standing to sue is a doctrine derived from this limitation on judicial power. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). The "irreducible constitutional minimum" of standing consists of three elements: the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Id.*, citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). The plaintiff bears the burden of establishing these elements. *Id.*

Pehoviack is unable to satisfy the "irreducible constitutional minimum" of standing by alleging only the violation of her statutory right to Medicare coverage. In her

Opposition, Pehoviack asserts that, due to the denial of her "Congressionally created entitlement to Medicare coverage, she has suffered an injury [that] can be addressed by a decision ordering coverage." (Opp. [Dkt. #13], at 3.) Pehoviack's contention is not supported by the cases she cites, is at odds with established Supreme Court precedent and should be rejected. *See Spokeo, supra.*

> ### A. The cases relied upon by Pehoviack do not stand for the proposition that standing can be conferred by Congress in the absence of actual or imminent harm.

In her Opposition, Pehoviack asserts that "Congress may create a statutory right or entitlement the alleged deprivation of which can confer standing to sue even where the plaintiff would have suffered no judicially cognizable injury in the absence of the statute." (Opp. [Dkt. #13] at 2.) She then cites three Supreme Court cases in support of her contention: *Warth v. Seldin,* 422 U.S. 490 (1975); *Linda R.S. v. Richard D.,* 410 U.S. 614, 617, n.3 (1973); and *Heckler v. Ringer*, 466 U.S. 602, 620 (1984). (Opp. [Dkt. #13] at 2-3.) Plaintiff's reliance on these cases is misplaced.

In *Warth v. Seldin, supra,* plaintiffs (taxpayers, low-income residents and various organizations of Rochester, NY) alleged that an adjacent town's zoning ordinances violated the Constitution and the civil rights laws because they effectively excluded low and moderate-income persons from living in the town. *Id.* at 493-495. In affirming the district court's dismissal of the complaint based on a lack of standing, the Supreme Court reasoned: "Congress may grant an express right of action to persons who otherwise would be barred by prudential standing rules. Of course, Article III's requirement remains: *the plaintiff still must allege a distinct and palpable injury to himself . . . .*" *Id.* at 501 (emphasis added). Thus, *Warth* does not stand for the proposition that Congress can vitiate Article III's injury-in-fact standing requirement.

Pehoviack also relies on a footnote in *Linda R.S. v. Richard D., supra,* in support of her contention that a statutory violation, by itself, is sufficient to satisfy Article III's standing requirements. *Linda R.S.* involved a constitutional challenge to a state criminal

statute by a woman who alleged that, if the statute were declared unconstitutional, she could obtain child support for her illegitimate child. *Linda R.S. v. Richard D.*, 410 U.S. at 615. The district court dismissed the case based on a lack of standing. The footnote cited by Pehoviack is in the middle of a paragraph that notes the confusing state of the law on standing. The paragraph concludes by acknowledging the importance of the actual or imminent injury requirement for Art. III standing: "Although the law of standing has been greatly changed in the last 10 years, we have steadfastly adhered to the requirement that, at least in the absence of a statute expressly conferring standing,[3] federal plaintiffs must allege some threatened or actual injury resulting from the putatively illegal action before a federal court may assume jurisdiction." *Id.* at 617. In the footnote cited by Pehoviack, the Court noted that "Congress may enact statutes creating legal rights, the invasion of which creates standing, even though no injury would exist without the statute." The Court did not give examples. Pehoviack places too much weight on this footnote and takes it out of context. It cannot be inferred from this single quote that Congress can do away with the requirements for Art. III standing.

The third Supreme Court case Pehoviack relies on for the proposition that "Medicare benefits are an entitlement created by Congress, the denial of which confers standing" is *Heckler v. Ringer*, 466 U.S. 602 (1984). (Opp. [Dkt. #13] at 3.) In *Heckler*, the plaintiffs were Medicare claimants who were challenging the Secretary's ruling that the type of surgery they had undergone was not reasonable and necessary. One of the plaintiffs wished to have the surgery but alleged the Secretary's decision precluded him from doing so and he therefore sought an injunction requiring the Secretary to declare the surgery was reasonable and necessary. *Id.* at 620. The Court interpreted the plaintiff's claim as essentially one requesting the payment of future benefits. *Id.* at 620-621. The Court then held that Congress clearly foreclosed the possibility of declaratory judgment actions in this context because they would bypass the exhaustion requirements under the Medicare Act, which provided that a claim could be filed only *after* a medical

service was provided. *Id.* at 621. The Court refused to sanction a bypass of the statutory scheme via a judicial advisory opinion. *Id.* at 621-22. The Court held that because plaintiff had not satisfied the non-waivable exhaustion requirements set forth in § 405(g), the federal courts lacked jurisdiction over the claim. *Id.* at 626-627. Thus, *Heckler v. Ringer* does not support Pehoviack's contention that the Medicare Act's authorization for a dissatisfied beneficiary to sue in federal court, in the absence of actual injury, is sufficient to confer standing.

**B.    In cases subsequent to those cited by Pehoviack, the Supreme Court has clarified that a statutory violation, on its own, is *insufficient* to satisfy Article III's standing requirements.**

In 2009, the Supreme Court held that the "deprivation of a procedural right without some concrete interest that is affected by the deprivation ... is insufficient to create Article III standing." *Summers v. Earth Island Institute*, 555 U.S. 488, 498 (2009). The Court further noted that "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right. Article III standing requires a concrete injury even in the context of a statutory violation." *Id.*

In 2016, the Supreme Court made clear that Article III standing is a constitutional minimum that "requires a concrete injury even in the context of a statutory violation." *Spokeo, Inc. v. Robbins*, 136 S.Ct. 1540, 1549 (2016). In *Spokeo*, the plaintiff alleged that the operator of a website known as a "people search engine" violated the Fair Credit Reporting Act because search results reported inaccurate information about him. *Id.* at 1546. The district court dismissed the complaint because plaintiff had not alleged an injury-in-fact. *Id.* The Ninth Circuit reversed, finding that Spokeo had violated plaintiff's statutory rights and that plaintiff had a personalized interest in the handling of his credit information. *Id.* at 1545-1546. The Supreme Court held that the Ninth Circuit's analysis was incomplete because it focused on particularity and overlooked concreteness. *Id.*

8

1    While noting that it's possible for an intangible injury to satisfy the injury-in-fact

2    requirement for standing, the Court made clear that Congress cannot abrogate the injury-

3    in-fact component of standing: "Congress cannot erase Article III's standing

4    requirements by statutorily granting the right to sue to a plaintiff who would otherwise

5    not have standing." *Id.* at 1548.

6        More recently, in *Thole v. U.S. Bank N.A*, 140 S.Ct. 1615, 1619 (2020), the

7    Supreme Court reiterated that a statutory violation, in the absence of an actual or

8    imminent injury, cannot satisfy Art. III standing requirements. The plaintiffs in *Thole*

9    were participants in a defined benefit retirement plan who alleged the defendants

10   mismanaged the plan and who sought an order requiring them to reimburse the plan for

11   its losses caused by their malfeasance. The Court noted plaintiffs had received all the

12   retirement benefits they were entitled to so far, and because they were legally and

13   contractually entitled to receive their benefits for the rest of their lives regardless of the

14   value of the plan or the good or bad investment decision of the plan's fiduciaries, they

15   were not likely to suffer a reduction of their benefits in the future. *Id.* at 1618. Plaintiffs

16   argued that they had standing because ERISA gives participants (and others) a cause of

17   action to sue for restoration of plan losses and other equitable relief. *Id.* at 1620. But the

18   Court found this was insufficient to confer standing because plaintiffs had not suffered a

19   concrete injury. *Id.* at 1619-20, citing *Spokeo, supra*, 136 S. Ct. at 1549, and *Raines*,

20   *supra*, 521 U.S. at 820, n.3. The Court further held that an interest in attorney fees does

21   not create Art. III standing where none exists on the underlying merits. *Id.*

22       **C.    The four district court cases cited by Pehoviack should not be followed**
23       **because they were issued before, and are contrary to, controlling**
         **Supreme Court precedent.**

24       In her Opposition, Pehoviack asserts that "[m]ultiple courts have rejected the

25   notion that economic injury is a requirement for standing in Medicare claim denial

26   cases," citing cases from Vermont, New Hampshire and New Mexico issued between

27

28

1   1986 and 2015. (Opp. [Dkt. #13] at 3.) These cases are either distinguishable or are no

2   longer good law in light of *Spokeo* and *Thole*.

3   The most recent district court case cited by Pehoviack is *Ryan v. Burwell*, 2015

4   WL 4545806 (D. Vt. July 27, 2015). In this case, the plaintiffs were dual eligible for

5   Medicare and Medicaid, and Medicaid paid the claims after Medicare denied them. *Id.* at

6   6. Plaintiffs filed suit for an order requiring the Secretary to cover the claims. The

7   Secretary moved to dismiss, asserting plaintiffs' lack of standing based on their lack of

8   injury in light of Medicaid's payment of the claims. *Id.* at 4. The court found that, while

9   Medicaid paid the claims, under Medicaid's rules, the plaintiffs were still at risk of co-

10  payments and recoupment of costs under Medicaid-specific rules for which there was no

11  Medicare counterpart. *Id.* at 2. As a result, the court found that plaintiffs had standing

12  because they faced a risk of economic liability even though Medicaid had paid the

13  claims. *Id*. The court also noted that plaintiffs were seeking to protect a right to coverage

14  that is theirs by statute. *Id.* at 5. The other district court cases cited by plaintiff employed

15  similar facts and/or reasoning.

16  *Ryan* is distinguishable because payment of the plaintiffs' claims did not absolve

17  their legal liability for the medical costs. In contrast, in the present case, Pehoviack has

18  not articulated any actual or imminent harm resulting from the Council's order requiring

19  Novocure to assume the costs. Novocure has no recoupement rights against Pehoviack

20  for the subject claim. To the extent *Ryan* is interpreted as standing for the proposition

21  that the Medicare Act authorizes suit in the absence of actual or imminent injury, it is

22  contrary to the Supreme Court's holdings in *Spokeo* and *Thole*.

23  The district court cases cited by Pehoviack are also factually distinguishable as

24  none of them involved the unique combination of circumstances present in this case, *i.e.*,

25  *none* of these four cases involved the combination of 1) a beneficiary who was relieved

26  of financial responsibility for the denied claims on appeal because the supplier had not

27  issued an ABN; 2) where the non-coverage LCD then applicable to the denied claims on

28

appeal was subsequently amended to cover the beneficiary's condition; 3) there were no claim denials subsequent to the claim at issue; and 4) where the supplier bore sole financial responsibility for the denied claims on appeal. *Id.*

Moreover, other district courts have held that a plaintiff whose treatment costs were paid by a third party have not established standing. *See Hull v Burwell*, 66 F.Supp.3d 278, 282 (D. Conn. 2014) (no injury-in-fact arising from Medicaid paying benefits rather than Medicare); and *Estate of Lake v. Secretary* of HHS, 1989 WL 200974 (D.N.H. Oct. 27, 1989) (since health care supplier was liable for costs, plaintiff lacked standing to sue for Medicare reimbursements).

### D. Pehoviack has not alleged an actual injury.

Pehoviack has not alleged that she suffered actual harm, nor can she because the final decision of the Medicare Appeals Council ("Council") ordered Novocure, Inc.—not Pehoviack—to pay the cost of the subject claim. (RJN, Exh. A [Dkt. #10-2] at 8.) Win or lose this case, Pehoviack will not bear any liability for the subject medical treatment she received in 2018. Pehoviack does not dispute this in her Opposition.

Further, Pehoviack has not alleged that she has had any claims denied since the single claim at issue in this case. In fact, Pehoviack alleges that her subsequent claims have been granted. Compl. at ¶ 21. Thus, Pehoviack has not alleged an actual injury.

### E. Pehoviack has not alleged a non-speculative, imminent injury.

In addition to failing to allege actual injury, Pehoviack does not allege any imminent harm sufficient to satisfy Article III standing requirements. Pehoviack does not dispute that the LCD was revised in September 2019 to include coverage for TTFT. (RJN, Exhs. A, B.) The Council's decision (RJN, Exh. A) makes clear that ALJs should give deference to the LCD. Indeed, the Council's decision at issue in this case reversed an ALJ's decision for not giving deference to the LCD. *Id.*

Equating speculative future harm with concrete injury is inconsistent with Article III standing. The alleged "injury must be certainly impending to constitute injury in fact

11

1   ... allegations of possible future injury are not sufficient." *Clapper v. Amnesty Intern.*

2   *USA*, 568 U.S. 398, 409 (2013), citing *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990);

3   *see also Center for Biological Diversity v. Bernhardt*, 946 F.3d 553 (9th Cir. 2019).

4        Plaintiff Pehoviak does not know if her claims will be denied in the future, if a

5   future ALJ will choose to ignore the revised LCD, or if Novocure will give her an

6   advance beneficiary notice ("ABN") that would shift payment obligations for future

7   treatment to her. *See Hull, supra,* 66 F.Supp.3d at 283. Indeed, Pehoviack alleges

8   injuries that are entirely contingent upon the actions of third parties. (Opp. [Dkt. #13] at

9   3-4.) Because Pehoviack's liability is dependent on not one, but a chain of decisions

10  made by different actors, her alleged future harms are an "exercise in the conceivable,"

11  but do not show a "factual showing of perceptible harm" sufficient for Article III

12  standing. *Lujan, supra,* 504 U.S. at 566. The recent change in the LCD even further

13  attenuates the potential for Pehoviack's future liability for TTFT.

14       Unable to dispute these compelling facts, Pehoviack essentially relies on the

15  possibility that Novocure may try to use the denied claim for the July 2018 – October

16  2018 dates of service as an excuse to send her an ABN that will shift the risk of a future

17  claim denial to her.  (Opp. [Dkt. #13] at 3-4.) While it is true that Medicare claim

18  processing rules provide that a supplier can shift the financial risk of non-coverage to a

19  beneficiary by issuing an ABN which gives advance written notice of the specific reason

20  why an item probably will not be covered, 42 C.F.R. § 411.404(b), speculation about

21  whether Novocure will do so, particularly in light of the alleged subsequent claim

22  payments and the revised LCD, is insufficient to satisfy Art. III standing requirements

23  for Pehoviack's current case. *See Center for Biological Diversity v. Bernhardt, supra,*

24  946 F.3d at 560 (9th Cir. 2019). Indeed, with respect to her future TTFT treatments, an

25  ABN would be unnecessary and inappropriate since the September 2019 LCD currently

26  in effect does cover Pehoviack's claims.

27  / / /

28

1    In *California Clinical Laboratory Ass'n v. Secretary of HHS*, 104 F. Supp.3d 66

2  (D.D.C. May 20, 2015), a case involving a challenge under the Medicare Act to a LCD

3  filed by a provider and beneficiary, the Secretary moved to dismiss based on a lack of

4  standing. The court held that a statutorily-conferred right to file suit does not satisfy the

5  injury-in-fact requirement for constitutional standing purposes unless it confers a

6  substantive right or entitlement. *Id.* at 76-78. The court gave FOIA as an example of a

7  statute conferring such a right, reasoning that anyone whose request for information is

8  denied has been injured-in-fact for standing purposes. *Id.* at 76. The court contrasted the

9  right to file a challenge to a LCD, which it deemed a procedural right. *Id.* Reasoning that

10 because the beneficiary plaintiffs had not been charged for any of the subject testing

11 expenses, and because they did not allege their physician would imminently order further

12 clinical testing (but, even if they had, they had not alleged there was a substantial

13 probability that Medicare would once again deny coverage), and because the plaintiffs

14 did not allege that they would receive a notice from the provider shifting the cost of

15 future testing to them, plaintiffs failed to allege they had suffered an injury-in-fact

16 sufficient for satisfying Art. III standing requirements. *Id.* at 79-80.

17    Similarly, Pehoviack has not alleged that she has ever been actually deprived of or

18 charged for TTFT treatment. She cannot establish that there is a substantial probability

19 that Medicare will once again deny any of her future TTFT claims because the revised

20 LCD favors coverage, and she has not alleged a claim denial since the subject claim. She

21 does not allege that she has received an ABN, so there is no viable basis for asserting

22 future injury as a result of the Secretary's actions. As already stated, the speculative

23 chain of possibilities about the potential for future claim denials and possible ABNs is so

24 tenuous that it cannot satisfy Art. III injury-in-fact standing requirements.

25 **III.   PEHOVIACK HAS FAILED TO STATE A CLAIM FOR RELIEF**

26    Pehoviack fails to state a claim for a violation of the Medicare Act because she

27 has alleged no injury. As set forth above, the subject claim was ordered to be paid by

28

Novocure and Pehoviack has no legal liability for the subject claim. Pehoviack has failed to state a claim based on a denial of future benefits, as such an order would bypass the exhaustion requirements set forth in 42 U.S.C. § 405(g). Advisory opinions regarding future coverage are not permitted. *Heckler v. Ringer*, 466 U.S. 602, 621-622 (1984); *see also Porzecanski v. Azar*, 943 F.3d 472 (D.D.C. 2019) (denying beneficiary's claim for declaratory and injunctive relief regarding future Medicare claims on the grounds the Medicare Act requires all claims to be channeled through the Medicare claims process). Further, any order providing that an ALJ or the Secretary is collaterally estopped by a prior decision of the Secretary is nothing more than an impermissible end-run around the exhaustion requirements in § 405(g) and the prohibition against advisory opinions.

## IV.   CONCLUSION

For the reasons set forth above, Pehoviack lacks standing to assert her claims and the allegations of the Complaint fail to state a cognizable claim. These deficiencies cannot be cured. Accordingly, the Complaint should be dismissed with prejudice.

Dated: June 29, 2020

Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section


        /s/
JENNIFER R. JACOBS
Assistant United States Attorney

Attorneys for Defendant