NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section
JENNIFER JACOBS (Cal. Bar No. 157609)
Assistant United States Attorney
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-6167
    Facsimile: (213) 894-7819
    E-mail: Jennifer.Jacobs3@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| LINDA PEHOVIACK,<br><br>    Plaintiff,<br><br>vs.<br><br>ALEX AZAR, in his official capacity as Secretary of the UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES,<br><br>    Defendant. | No. CV 20-00661 DOC (KESx)<br><br>**OPPOSITION TO PLAINTIFF'S *EX PARTE* APPLICATION**<br><br>**Hearing**<br>Date: July 13, 2020<br>Time: 8:30 a.m.<br>Ctrm: 9D (Santa Ana)<br><br>Honorable David O. Carter<br>United States District Judge |

1

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Linda Pehoviack's *ex parte* application for permission to file a sur-reply should be denied on the grounds the proposed sur-reply does not contain evidence or argument that is either relevant to the subject motion or which could not have been asserted in her opposition to Defendant's motion to dismiss.

First, Exhibit 1 to Pehoviack's sur-reply—*i.e.*, a letter to Novocure, Inc., dated October 23, 2019, acknowledging Novocure's re-validated Medicare enrollment—does not establish that Novocure was a "non-participating" Medicare provider at the time the subject medical care was given, *i.e.*, July through October 2018.

Second, even if Exhibit 1 did establish that Novocure was a non-participating provider in 2018, such fact alone does not establish that Novocure has the right to recover any of the costs of the subject medical treatment from Pehoviack. Non-participating Medicare providers may lack recourse against beneficiaries where, as here, treatment is determined to be not covered and the supplier should have known of such fact.[1] (*See* RJN, Ex. A [Council Decision].)

///

---

[1] Chapter 30, section 10 of the MCPM introduces the "Financial Liability Protections (FLP) Provisions of Title XVIII" which state "The FLP provisions of the Social Security Act (hereinafter referred to as the Act) protect beneficiaries, healthcare providers, and suppliers under certain circumstances from unexpected liability for charges associated with claims that Medicare does not pay." MCPM, Chapter 30, at 12 (Section 10). Chapter 30 of the MCPM can be found at: https://www.cms.gov/Regulations-and-Guidance/Guidance/Manuals/Downloads/clm104c30.pdf.

Pehoviack has the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). Notably, Pehoviack has not submitted any evidence that she has paid money up front for the TTFT claim on appeal, nor has she offered any argument or evidence to substantiate her arrangement with Novocure that somehow obligates her in any way to pay for the denied TTFT claim. In sum, Pehoviack has failed to establish that she has sustained, or imminently will sustain, any economic or other injury as the result of the Secretary's denial of the subject claim.

Thus, Pehoviack's *ex parte* application should be denied on the grounds she lacks good cause to file a sur-reply because she has failed to establish that Exhibit 1 was not available to her or that she could not have raised the proposed arguments at the time of filing her opposition.

Dated: July 2, 2020                              Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
JOANNE S. OSINOFF
Assistant United States Attorney
Chief, General Civil Section

  /s/
JENNIFER R. JACOBS
Assistant United States Attorney

Attorneys for Defendant